**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:18-CV-00168-JHM-HBB**

JACK and HOLLY PAPINEAU                                                                             PLAINTIFFS

VS.

BRAKE SUPPLY COMPANY, INC., et. al.                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs, Jack and Holly Papineau, have filed a motion to compel discovery from Defendant, Honeywell International (DN 98). Papineau seeks an order compelling Honeywell to supplement its responses to certain interrogatories and requests for production. Honeywell filed a response in opposition at DN 123. Papineau filed a reply at DN 129. A hearing on this issue was conducted to allow the parties oral argument on the motion (DN 135, 150). At the conclusion of the hearing, the Court directed Papineau to supplement its original interrogatory and request for production to narrow their scope (DN 150). Papineau has done so (DN 147). The matter is now ripe for determination. For the reasons that follow, the Court grants Papineau's motion to compel.

      Papineau requests information and documents pertaining to all lawsuits filed against Honeywell wherein the claimant alleged an asbestos-related disease from exposure to Honeywell friction products containing asbestos where exposure occurred prior to 2002 (DN 147 PageID # 1582-83). Papineau argues this information is discoverable and "unquestionably relevant" under Federal Rule of Civil Procedure 26(b)(1). Specifically, Papineau believes the information is relevant to prove the presence of a dangerous condition, Honeywell's knowledge of such a condition, causation, and punitive damages (DN 98).

      Honeywell objects to Papineau's interrogatory and request for production (DN 98-3). It argues that prior lawsuits are not relevant, and therefore not discoverable. Honeywell contends

that lawsuits filed after Papineau was allegedly exposed to asbestos cannot be used to prove Honeywell was on notice that Bendix brake linings created a dangerous condition. Honeywell adds that the requested prior claims are also not reasonably calculated to lead to the discovery of admissible evidence because "once Mr. Papineau was exposed to brake dust, the development of his disease became inevitable" (DN PageID #1455). Finally, Honeywell reasons that the mere existence of other lawsuits does not prove the presence of a dangerous condition or prove causation (DN PageID # 1457).

Generally, relevant evidence is discoverable evidence. A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. Rule Civ. Proc. 26(b)(1). The range of relevant discoverable evidence is much broader than evidence that may later be admitted at trial. Generally, something is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. In re McCarty, 644 F. App'x 372 (6th Cir. 2016). Limiting discovery to matters relevant to the precise issues of the pleadings and trial admissibility would frustrate a plaintiff's ability to obtain information necessary to prosecute their case.

Given the liberal relevance standard applied during discovery, courts have routinely permitted discovery of prior lawsuits against a defendant. *See* Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 U.S. Dist. LEXIS 172696 (W.D. Ky. Oct. 4, 2019). Such evidence has been deemed discoverable for several purposes. In Burrell, the Court held prior lawsuits against the defendant were relevant to plaintiffs' punitive damages claim. Prior lawsuits may also be relevant to prove whether Honeywell knew or should have known of an allegedly unsafe condition created by their product. Gardner v. Norfolk S. Ry., 307 F.R.D. 467 (N.D. Ohio 2015) (citing Lewis v. CSX Transp., Inc., 778 F. Supp. 2d 821, 838-39 (S.D. Ohio 2011)). In fact, "few things

2

could be more relevant…than the occurrence or the non-occurrence of other accidents under similar circumstances" in cases involving allegedly defective or dangerous products. Rhodes v. Michelin Tire Corp., 542 F. Supp. 60, 62 (E.D. Ky. 1982). Prior lawsuits against a defendant may be used to "show the danger of the product and the cause of the accident." Montgomery Elevator Co. v. McCullough, 676 S.W. 2d 776, 783 (Ky. 1984) (quoting Frumer & Friedman, Products Liability, § 12.01(2) (internal punctuation omitted)).

Honeywell erroneously focuses its argument on the admissibility of such evidence rather than its discoverability. Nearly all the cases cited by Honeywell address the question of admissibility of evidence at trial, thereby undercutting its argument that the evidence is not discoverable. After all, in most cases where evidence is excluded by the trial court, the evidence must have been subject to discovery by the opposing party. Honeywell cites Yates v. Ford Motor Company to support its claim that post-exposure lawsuits are irrelevant and not reasonably calculated to lead to discovery of admissible evidence (DN 123 PageID # 1455). No. 5:12-CV-752-FL, 2015 U.S. Dist. LEXIS 64309 (E.D.N.C. May 11, 2015). Yates excluded post-exposure lawsuits from admission at trial, but explicitly noted the evidence was relevant and could be used to establish causation. "As to causation the facts presented by post-exposure evidence may very well make it more probable that defendant's products caused the plaintiffs' injuries." Yates (citing United Oil Co. v. Parts Associates, Inc., 227 F.R.D. 404, 414 (D. Md. 2005)); Rowan Cnty. Bd. Of Educ. v. U.S. Gypsum, 103 N.C. App. 288, 300 (1991) (holding that evidence post-dating the sale of asbestos-containing ceiling materials to county school system went "not to knowledge but to the nature" of the product, and whether it was fit for school buildings). Yates also acknowledged that lawsuits post-dating a plaintiff's exposure can be used to show knowledge of what defendants knew or should have known prior to the incident or event in question. (citing Cross v. Beckwith,

293 N.C. 224, 232 (1977). Rather than supporting Honeywell's claim, <u>Yates</u> unequivocally holds that prior lawsuits against a defendant a relevant.

The task before this Court is not to determine if the evidence sought by Papineau is admissible at trial. Nor is it to determine what purpose the evidence may serve. This Court is presently tasked with determining if Papineau's interrogatory and request for production are reasonably calculated to lead to the discovery of evidence. This Court finds that they are. The purposes for which the evidence may be used at trial, if at all, are questions for another day.

**IT IS HEREBY ORDERED** that Papineau's Motion to Compel Discovery (DN 98) is **GRANTED. IT IS FURTHER ORDERED** that **by no later than December 18, 2019**, Honeywell shall respond to Papineau's amended Interrogatory Number 25 as it appears in Papineau's Supplemental Memorandum at DN 147.

**IT IS FURTHER ORDERED** that **by no later than December 18, 2019**, Honeywell shall shall produce the documents requested in Papineau's amended Request for Documents Number 12 as it appears in Papineau's Supplemental Memorandum at DN 147.

November 18, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**