# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00168-JHM

JACK PAPINEAU                                                                PLAINTIFFS
and
HOLLY PAPINEAU

V.

BRAKE SUPPLY COMPANY, INC., et al                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Honeywell International Inc.'s objection to the Magistrate Judge's orders entered on November 19, 2019 and January 6, 2020. [DN 161, DN 186]. Fully briefed, this matter is ripe for decision. For the following reasons, Honeywell's objection [DN 213] to the Magistrate Judge's orders is **OVERRULED**.

## I. BACKGROUND

Plaintiff Jack Papineau alleges that he has malignant mesothelioma from exposure to asbestos-containing brake products. [DN 1 at 4]. The Papineaus sought an order from the Magistrate Judge to compel Honeywell to answer one interrogatory and respond to one request for production concerning lawsuits alleging exposure to Honeywell asbestos-containing friction products. [DN 98]. Honeywell opposed providing such information. [DN 123]

Per the Magistrate Judge's order, the Papineaus filed an amended request that limited the scope of the requested documentation. [DN 147]. Honeywell responded to the supplemental request and attached, among other things, the affidavit of Ellen Tenebaum, the national coordinating counsel for Honeywell regarding their docket of Bendix Brake related cases. [DN 160]. The next day the Magistrate Judge granted the Papineaus' motion to compel. [DN 161]. Honeywell requested a rehearing, which the Magistrate Judge denied. [DN 163, DN 186].

Honeywell now requests that this Court sustain its objections and quash the Magistrate Judge's orders. [DN 213].

## II. STANDARD OF REVIEW

A party may submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. FED. R. CIV. P. 72(a). The district court reviews an order by a magistrate judge on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

## III. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Honeywell argues that the Magistrate Judge ruled that he would not consider undue burden or proportionality because the Tenebaum affidavit was filed untimely. [DN 213 at 12]. The Magistrate Judge did consider undue burden and proportionality. [DN 186 at 2–4]. He said, "Honeywell's undue burden argument relies primarily on an affidavit from Ellen Tenenbaum . . . . But this affidavit has no import on this Court's decision. The affidavit was submitted after argument on the issue was closed." [*Id.* at 3].

The Magistrate Judge furthered reasoned that Honeywell only provided generalizations and guesses when articulating the undue burden and disproportionality of the discovery requests. [*Id.* at 3–4]. Honeywell did not meet its burden to show that the discovery was disproportionate or that it was an undue burden. *See United States Parcel Serv. Co. v. DNJ Logistic Grp., Inc*, No. 3:16-CV-00609-GNS, 2018 WL 3199475, at *9 (W.D. Ky. April 16, 2018) ("The party seeking to resist discovery still must specifically object and must still show that the requested discovery does not fall within Rule 26(b)(1)'s broad scope of relevance or would impose an undue burden or

expense or is otherwise objectionable."); *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2016 WL 10788070, at *8 (W.D. Ky. Oct. 11, 2016) ("It is the party resisting discovery that still bears the burden to show that the discovery sought is disproportionate."). Contrary to Honeywell's assertions, the Magistrate Judge never required an affidavit; instead, he reasoned that the affidavit should have been filed before the close of arguments on the issue, which was not contrary to law.

Citing no caselaw, Honeywell also asserts that "it is clearly erroneous that a party is precluded from presenting renewed objections and, if warranted, an affidavit in support of such objection" in the face of a court ordered amended production. [DN 213 at 14]. The Magistrate Judge's decision to not consider the affidavit was not contrary to law and within his discretion since the affidavit was presented after the close of arguments on the issue. [DN 186 at 3].

The Magistrate Judge's order compelling the discovery at issue was not contrary to law because the caselaw that he relies on supports his reasoning. The discovery is relevant and proportional to the needs of the case for the reasons explained in Magistrate Judge's orders. [DN 161, DN 186].

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Honeywell's objection [DN 213] is **OVERRULED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 30, 2020

cc: counsel of record