UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00168-JHM

JACK PAPINEAU                                                          PLAINTIFFS
and
HOLLY PAPINEAU

V.

BRAKE SUPPLY COMPANY, INC., et al                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Rudd Equipment Company's Motion to Dismiss the Amended Third-Party Complaint of Defendant and Third-Party Plaintiff Brake Supply Company, Inc. [DN 189]. Fully briefed, this matter is ripe for decision. For the following reasons, Rudd Equipment's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff Jack Papineau alleges that he has malignant mesothelioma from exposure to asbestos-containing brake products. [DN 1 ¶ 13]. He sued four defendants including Brake Supply; Rudd Equipment was not a named defendant. [DN 1]. Later, Brake Supply alleged common law indemnity and apportionment under K.R.S. § 411.182[1] in its Amended Third-Party Complaint against Rudd Equipment. [DN 154]. Rudd Equipment now requests that the Court dismiss Brake Supply's Amended Third-Party Complaint. [DN 189].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United*

---
[1] Kentucky's statute that governs the allocation of fault in tort actions.

*Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Instead, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677 (quoting FED. R. CIV. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III. DISCUSSION

**A. Common Law Indemnification**

Rudd Equipment argues that "Brake Supply failed to allege any facts supporting a claim for indemnity against" it. [DN 189-1 at 2]. In Kentucky a party may recover under common law indemnity in two classes of cases:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Adams v. Family Dollar Stores of Ky., LP #11504*, No. 3:19-CV-167-CRS, 2019 WL 6107857, at *4 (W.D. Ky. Nov. 15, 2019) (quoting *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000)). "In interpreting this standard, the *Degener* court evaluated the cases before it by distinguishing between the 'active wrongdoer[s]' and the parties whose liability was 'premised solely upon [their] failure to prevent' the torts." *Id.* (citing *Degener*, 27 S.W.3d at 781). "In the cases cited by the *Degener* court, the parties who failed to prevent the harm were entitled to common law indemnity from the parties who actively caused the harm." *Id.* (citations omitted). As such, to state a plausible claim for common law indemnity under Kentucky law, Brake Supply must demonstrate that Rudd Equipment was the primary, active tortfeasor and that Brake Supply was the secondary, passive tortfeasor. *See id.*

> To support its indemnity claim, Brake Supply alleges:
>
> 22. During the time period when Mr. Papineau worked at Smith Coal, Smith Coal purchased heavy equipment and parts from Rudd Equipment's facility in Evansville, Indiana, for use in Smith Coal's operations, including at the Providence Mine, Southard Mine, and Cypress Creek mines where Mr. Papineau worked.
>
> 23. Components purchased by Smith Coal from Rudd Equipment during the time period Jack Papineau worked for Smith Coal included original equipment manufactured brake components, including pre-affixed friction linings.
>
> 24. In the early part of Mr. Papineau's employment with Smith Coal, friction products sold by Rudd Equipment to Smith Coal may have contained chrysotile asbestos as a component part.
>
> 25. To the extent that Mr. Papineau was ever exposed to asbestos from friction products during his work at Smith Coal, some of that exposure was to friction products, equipment, or components sold by Rudd Equipment to Smith Coal.

[DN 154 ¶¶ 22–25]. The Amended Third-Party Complaint is devoid of any factual allegations that support that Rudd Equipment was the primary, active tortfeasor and that Brake Supply was the secondary, passive tortfeasor. *See Adams*, 2019 WL 6107857, at *4. Thus, the common law indemnity claim is dismissed.

**B. Apportionment**

Rudd Equipment argues that Brake Supply's apportionment claim fails because K.R.S. § 411.182 does not provide an independent cause of action. [DN 189-1 at 2]. This Court has held that a party who files a third-party complaint "has a right to an apportionment instruction under KRS § 411.182 upon a finding 'where underlying substantive fault exists, but it does not provide a substantive cause of action itself.'" *Wilson v. Wal–Mart Stores E., LP*, No. 4:11-CV-00148-JHM, 2013 WL 2607113, at *3 (W.D. Ky. June 11, 2013) (quoting *Hall v. Nat'l Med. Evaluations, Inc.*, No. 05-185-JBC, 2007 WL 1385943, at *2 (E.D. Ky. May 8, 2007).

Brake Supply does not have a cause of action of apportionment against Rudd Equipment, but Brake Supply has asserted claims against Rudd Equipment sufficient to preserve its right to an apportionment instruction under K.R.S. § 411.182 if the evidence supports the instruction at trial. *See id*. (holding that "Wal–Mart does not have a 'claim' of apportionment against Gossett, but Wal–Mart has preserved its right to an apportionment instruction pursuant to KRS § 411.182 if the evidence supports the instruction at trial.).

**IV. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss the Amended Third-Party Complaint [DN 189] against Third-Party Defendant Rudd Equipment is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

March 27, 2020

cc: counsel of record