UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00168-JHM

JACK PAPINEAU and                                          PLAINTIFFS
HOLLY PAPINEAU

V.

BRAKE SUPPLY COMPANY, INC., et al.                         DEFENDANTS

and

BRAKE SUPPLY COMPANY, INC.                                 THIRD-PARTY
                                                           PLAINTIFF

V.

FRAS-LE S.A., FRAS-LE NORTH AMERICA, et al.                THIRD-PARTY
                                                           DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Third-Party Defendant Fras-le S.A.'s Motion to Dismiss the Amended Third-Party Complaint of Defendant and Third-Party Plaintiff Brake Supply Company, Inc. or, in the alternative, quash the summons. [DN 234]. Fully briefed, this matter is ripe for decision. For the following reasons, Fras-le S.A.'s Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff Jack Papineau alleges that he has malignant mesothelioma from exposure to asbestos-containing brake products, while he was employed with Smith Coal from 1984 to 1992. [DN 1 ¶¶ 12–13]. He sued four defendants including Brake Supply; Fras-le S.A. was not a named defendant. [DN 1]. Later, Brake Supply alleged common law indemnity and apportionment under K.R.S. § 411.182[1] in its Amended Third-Party Complaint against Fras-le S.A, Fras-le North

---

[1] Kentucky's statute that governs the allocation of fault in tort actions.

America, and other third-party defendants.  [DN 154].  Brake Supply alleges that Fras-le North America is a wholly-owned subsidiary of Fras-le S.A.  [DN 154 ¶ 6].  Brake Supply also alleges that the Court has personal jurisdiction over Fras-le S.A.  [*Id.* at ¶ 10].  Brake Supply attempted to serve process on Fras-le S.A. by serving Fras-le North America, but service of process was rejected.  [DN 234-1 at 4–5].  Fras-le S.A. now requests that the Court dismiss Brake Supply's Amended Third-Party Complaint for insufficient service of process and lack of personal jurisdiction or, in the alternative, to quash the summons.  [DN 234].

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) governs the dismissal of a case based on insufficient service of process.  The plaintiff  "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citation omitted).  If there is valid proof of service on the record, then there is a presumption of valid service that the defendant must overcome.  *TKT-Nectir Glob. Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-CV-099-CHB, 2018 WL 5636163, at *1 (W.D. Ky. Oct. 31, 2018) (citation omitted).  "Because the pleadings themselves will typically shed no light on service issues, motions to dismiss need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings."  *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019).  "Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)."  *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) (citation omitted).

2

B.  **Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of a case based on lack of personal jurisdiction.  When faced with a properly supported 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted).  "[T]he court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citation omitted).  A court has discretion to select the procedural method that it will follow.  *Id.* (citations omitted).  The parties do not request an evidentiary hearing.  "[T]he court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459 (citations omitted).  The Sixth Circuit adopted this rule to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* (citations omitted).  "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Lindsey v. Cargotec USA, Inc.*, No. 4:09-CV-00071-JHM, 2010 WL 3397355, at *1 (W.D. Ky. Aug. 26, 2010) (citation omitted).

### III. DISCUSSION

Fras-le S.A. argues that Brake Supply's service of process is insufficient because Brake Supply did not serve process under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  [DN 234-1 at 8–9].  It also asserts that even though the Hague Convention applies here, Brake Supply has not even properly served process within the United States.  [*Id.* at 9–11].  Brake Supply responds that Fras-le S.A. was

sufficiently served process through its alter ego and agent Fras-le North America.  [DN 246 at 5].  Brake Supply's personal jurisdiction argument is also, in part, based on the alter-ego argument.  [*Id.* at 12].  In the alternative, Brake Supply has requested that the Court grant jurisdictional discovery.  [*Id.* at 18].

To determine whether Brake Supply's service of process was sufficient, the Court must turn its attention to Rule 4(h).  Rule 4(h) prescribes the manner in which service is to be effectuated on corporate defendants.  The Rule is divided into two categories: the first of which is applicable when service is made within a U.S. judicial district and the second of which is applicable when service is made outside of a U.S. judicial district.  *See* FED. R. CIV. P. 4(h).  Since service was made within a U.S. judicial district, the Court must turn to the first category to determine whether the manner of service was sufficient.  *See Moore v. Lowe's Cos., Inc.*, No. 1:13-CV-00005-JHM, 2013 WL 1907488, at *2 (W.D. Ky. May 7, 2013).

Under the first category, service may be effectuated on a foreign corporation in two ways.  First, service can occur "in the manner prescribed by Rule 4(e)(1) for serving an individual."  FED. R. CIV. P. 4(h)(1)(A).  Rule 4(e)(1) states that service can be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Second, service can occur by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  FED. R. CIV. P. 4(h)(1)(B).  Here, Brake Supply insists that Fras-Le North America is the alter ego and agent of Fras-Le S.A. for purpose of service of process and personal jurisdiction.  [DN 246 at 2].  "[T]he nature of the relationship between a foreign parent

corporation and a domestic subsidiary can cause the subsidiary to become the corporation's agent by law for the purpose of service of process." *Moore*, 2013 WL 1907488, at *3.

The evidence presented supports that there are issues that warrant limited discovery. Fras-le S.A. has submitted evidence such as affidavits that contest any alter-ego relationship and personal jurisdiction. [DN 269-2, DN 269-11, DN 269-12]. Brake Supply has submitted evidence to prove an alter-ego relationship between Fras-le S.A. and Fras-le North America for service of process and personal jurisdiction. For example, a former Fras-le S.A. CEO claimed in a 2018 interview that "we have made changes in our corporate structure in all the international locations. We have a new team here in North America, in Asia, and in Europe as well." [DN 246-3 at 3]. Fras–le S.A. disputes that it exercises control over Fras-le North America. [DN 269-12]. In another example, the parties dispute Fras-le S.A.'s contacts with Kentucky for the purpose of personal jurisdiction. Fras-le S.A. contends no parent-subsidiary relationship existed until after the alleged period Papineau was exposed to asbestos-contained break products and that it did not have sufficient contacts with Kentucky for purpose of personal jurisdiction. [DN 269 at 1]. Brake Supply indicates that Fras-le S.A. did have sufficient contacts with Kentucky whether through Brake Supply or other distributors. [DN 246 at 17–18]. Considering the record in this case, the Court will reserve judgment on whether Fras-le S.A. was properly served process and whether the Court has personal jurisdiction pending 120 days of limited jurisdictional discovery.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss the Amended Third-Party Complaint [DN 234] against Third-Party Defendant Fras-le S.A. is **DENIED WITHOUT PREJUDICE**. Fras-le S.A. may refile its motion after Brake Supply has had an opportunity to conduct limited discovery. **No later than 120 days from the filing of this**

**Memorandum Opinion and Order**, the parties shall complete limited discovery on the issue whether Fras-le North America is the agent and alter ego of Fras-le S.A. and on the issue of personal jurisdiction.  Following discovery, Fras-le S.A. may file a renewed motion to dismiss.

Joseph H. McKinley Jr., Senior Judge
United States District Court

May 12, 2020

cc: counsel of record