UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00168-JHM-HBB

JACK PAPINEAU and
HOLLY PAPINEAU                                                                                     PLAINTIFFS

VS.

BRAKE SUPPLY COMPANY, INC. et al.                                                 DEFENDANTS

And

BRAKE SUPPLY COMPANY, INC.                                              THIRD-PARTY PLAINTIFF

V.

FRAS-LE S.A.,
FRAS-LE NORTH AMERICA, et al                                    THIRD-PARTY DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant/Third-Party Plaintiff Brake Supply, Inc., DN 290, for an extension of time to conduct discovery on issues related to Rudd Equipment Company, Inc. and Fras-Le North America, Inc. Plaintiffs have responded in opposition at DN 294 and Fras-Le North America (FLNA) has responded in opposition at DN 297. Brake Supply's reply is at DN 299. Brake Supply asks that it be granted until September 9, 2020 to undertake additional discovery.

Extension of Discovery Related to Rudd Equipment

Brake Supply named Rudd Equipment as a third-party defendant, seeking indemnification and apportionment on Plaintiffs' claims against Brake Supply. The Court granted Rudd Equipment's motion to dismiss the Third-Party Complaint against it, ruling that Brake Supply had failed to state a claim for indemnity and that Kentucky law did not support an independent cause of action for apportionment. The Court also ruled, however, that Brake Supply could seek an apportionment instruction at trial, if the evidence warranted such an instruction (DN 259).

Brake Supply's current motion states that Rudd Equipment has only recently provided records demonstrating that it sold three haul trucks to the mine where Plaintiff Jack Papineau worked and who testified that he performed work on that type of truck. Brake Supply states that Rudd Equipment provided the information during the course of a recent deposition of Rudd Equipment's corporate representative, but that the documents should have been provided in response to a subpoena Brake Supply served on Rudd Equipment in August 2019. Brake Supply asks for a limited extension of the discovery deadline to inquire into the following areas:

1. Whether Rudd Equipment sold or leased other heavy equipment which Papineau claims to have worked on to the mine where he was employed but were not identified in the file Rudd Equipment produced;

2. Whether the trucks Rudd Equipment identified had asbestos-containing brakes;

3. Whether Rudd Equipment performed replacement brake service on these trucks, and, if so, the circumstances and whether the replacement brakes had asbestos; and

4. Whether Rudd Equipment performed replacement brake work on other equipment it sold to the mine and to which Papineau claims he was exposed.

Brake Supply asserts this information is relevant to one of its primary defenses in the case, namely that that it was not the exclusive or primary supplier of any asbestos-containing brake products to which Papineau may have been exposed in the workplace.

Plaintiffs oppose additional discovery, arguing that Brake Supply has known ever since it took Papineau's deposition in April 2019 that the haul trucks were present at the mine and that he worked on them. Plaintiffs further note that their product identification witnesses consistently identified the haul trucks in their depositions in September and October 2019. They fault Brake Supply for waiting so long before taking the deposition of Rudd Equipment's representative and characterize the testimony of that witness and other witnesses in the case as establishing that Rudd Equipment did not sell any brakes to the mine. Further discovery in this vein, Plaintiffs contend, would be fruitless. FNLA does not weigh in on the issue of additional time for discovery related to Rudd Equipment.

<u>Extension of Discovery Related to FLNA</u>

Brake Supply named both FLNA and Fras-Le S.A. (FLSA) as Third-Party Defendants, seeking common law indemnity and apportionment. Brake Supply contends that FLNA is a wholly-owned subsidiary of FLSA and attempted service of process on FLSA by serving FLNA, which rejected service. FLSA subsequently moved for dismissal of Brake Supply's Third-Party claim against it for insufficient service of process. In ruling on the motion, the Court determined that the record was insufficient to decide and denied the motion without prejudice (DN 282). The Court established a 120-day period for Brake Supply to conduct limited discovery "on the issue whether Fras-Le North America is the agent and alter ego of Fras-Le S.A. and on the issue of personal jurisdiction" (<u>Id.</u> at p. 6).

The parties found themselves in disagreement over Brake Supply's notice to conduct the deposition of FLNA's Rule 30(b)(6) corporate representative and the undersigned conducted a telephonic conference. At the conclusion of the conference the undersigned issued an Order addressing the disagreements. One of the disagreements was that Brake Supply requested information which "includes all friction products in general, without regard to whether they contained asbestos or were sold to Brake Supply" (DN 288, p. 2). The undersigned resolved the disagreement by ruling that "the scope of inquiry is limited to those friction products which contained asbestos and were sold to Brake Supply" (Id.).

Brake Supply contends that, in responding to the discovery requests, FLNA has adhered to an unreasonably narrow construction of the Order and has only searched for information about direct sales from FLSA to Brake Supply, whereas Brake Supply states it only purchased those products through resellers and distributors. Brake Supply asks that the scope of permissible discovery be clarified to include direct and indirect sales and an extension of time to complete discovery. Specifically, Brake Supply wishes to have further discovery on the following topics:

1. FLSA's sale of asbestos-containing friction linings compatible with the type of equipment identified by Papineau to U.S-based distributors or resellers who resold them to Brake Supply;

2. The nature and content of any warnings accompanying the sale of asbestos containing FLSA friction products;

3. The circumstances and time during which FLSA transitioned to non-asbestos friction linings sold into the U.S. and which Brake Supply may have purchased through a distributor.

FLNA responds that, if Brake Supply thought the limitations imposed by the prior Order too restrictive, it should have objected. FLNA further asserts that Brake Supply is attempting to push the boundary of discovery beyond the topics related to service and jurisdiction. Plaintiffs support FLNA's arguments, and assert that additional delay occasioned by Brake Supply's discovery on its Third-Party claims impairs their ability to move the case to trial.

## Discussion

Fed. R. Civ. P. 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (*quoting* Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Id. at 479. In other words, to demonstrate good cause a party must show that despite their diligence the timetable could not reasonably have been met. Woodcock v. Ky. Dep't of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *2 (W.D. Ky. July 6, 2016).

When amendment of a scheduling order is to allow additional time for discovery, the Court considers several factors. These include (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e. the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).

As to Rudd Equipment, Brake Supply subpoenaed records in August 2019, and Rudd Equipment responded that "no relevant responsive documents exist" (DN 290-1). It was only after Brake Supply scheduled the deposition of Rudd Equipment's representative that Rudd Equipment first looked for responsive documents in what Brake Supply characterizes as "the most logical place – the sales department in the Evansville branch, which serviced the Jim Smith Coal account" (DN 290, p. 3). Service of a subpoena duces tecum imposes "an obligation to conduct a reasonable search to ensure that non-privileged documents that are relevant or likely to lead to the discovery of admissible evidence are produced." Alexander v. FBI, 186 F.R.D. 21, 38 (D.D.C. 1998). By failing to search records maintained locally by the business branch servicing the Jim Smith account, Rudd Equipment failed to fully comply with its duty in responding to the subpoena. While Plaintiffs criticize Brake Supply for not taking the corporate representative's deposition earlier, Brake Supply scheduled the deposition within the time permitted for discovery and was justified in relying upon Rudd Equipment's response to the subpoena as demonstrating that it had made reasonable search. The undersigned concludes that Brake Supply is entitled to limited additional discovery from Rudd Equipment on the topics identified in its motion.

Turning to FLSA, the undersigned concurs with FLNA's reading of the prior order – discovery was permitted regarding FLSA's sales of products to Brake Supply. Brake Supply did not object that the terms of the order were too narrow.

## ORDER

**WHEREFORE**, Brake Supply's motion for extension of time to conduct limited additional discovery is GRANTED IN PART and DENIED IN PART. Additional discovery regarding Rudd Equipment is granted, with a deadline of September 9, 2020. Additional discovery regarding FLSA is denied.

August 10, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:   Counsel