UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

HOLLY PAPINEAU, INDIVIDUALLY AND AS EXECUTRIX OF THE
ESTATE OF JACK PAPINEAU                                                    PLAINTIFFS

v.                                                                                              No. 4:18-cv-168

BRAKE SUPPLY COMPANY, INC., ET AL.                                 DEFENDANTS

\* \* \* \* \*

MEMORANDUM OPINION AND ORDER

      After doctors diagnosed Jack Papineau with mesothelioma, he and his wife sued Brake Supply and several manufacturers of products that allegedly contained asbestos. In turn, Brake Supply sought indemnification or apportionment from Fras-Le South America and its American subsidiary, alleging that they sold Brake Supply asbestos-containing brakes. Amended Third Party Complaint (TPC) (DN 154) ¶¶ 18–21, 27, 30. The Court dismissed the claims against Fras-Le for a lack of personal jurisdiction but left the question of apportionment for further briefing. DN 441 at 8 n.5. Brake Supply has since briefed the issue. DN 443. Fras-Le did not respond to Brake Supply's request at any point. Papineau is fine with apportionment if the evidence at trial will allow for an instruction. DN 444. The question is whether the Court may apportion fault, in this diversity case, to a party the Court lacks personal jurisdiction over. The answer under Kentucky law is yes.

      The issue arises because of two intersecting principles. First, KRS § 411.182 calls for apportionment even against a "tortfeasor who is not actually a defendant … if he was named as a defendant in the plaintiff's complaint even though the complaint was subsequently dismissed as to him." *Floyd v. Carlisle Constr. Co.*, 758 S.W.2d 430, 432 (Ky. 1988) (discussing apportionment among joint-tortfeasors generally); KRS § 411.182 (prescribing apportionment under comparative-fault statute specifically).\* Second, the Kentucky Court of Appeals has held that KRS § 411.182 does not authorize "a court to exercise jurisdiction over persons who could not otherwise be summoned in that jurisdiction." *Copass v. Monroe Cnty. Med. Found., Inc.*, 900 S.W.2d 617, 619 (Ky. Ct. App. 1995). So a court may not impose liability on a party not subject to the court's personal jurisdiction. May a court nevertheless

---

\* Kentucky Revised Statute § 411.182 says that in "all tort actions … involving fault of more than one (1) party to the action," the court "shall instruct the jury to answer interrogatories … indicating … (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section." Subsection 4 goes on to discuss how a release may proportionally reduce other parties' liability.

1

apportion liability to a party dismissed for lack of jurisdiction in order to limit the liability of a defendant that remains before the Court?

The answer follows naturally when apportionment is conceptualized as a defense rather than a judgment. Under a comparative-fault regime, "when there are joint tortfeasors the liability of either of them is limited by the extent of his fault." *Floyd*, 758 S.W.2d at 432. Apportionment can be made against a "tortfeasor who is not actually a defendant" because of dismissal or settlement. *Id.* So apportionment "does not impose any liability upon him or warrant a judgment against him. The apportionment only determines the percentage of the total damages for which he was actually responsible," while the other parties "are responsible for the remaining percentage of the damages, and the judgment against them will be limited to that amount." *Id.*

Under these circumstances, apportionment serves purely as a defense to limit the liability of the existing parties rather than to allow recovery against non-parties. *Hall v. MLS Nat'l Med. Evaluations, Inc.*, No. 5-cv-185, 2007 WL 1385943, at *2 (E.D. Ky. May 8, 2007) (comparative fault (unlike indemnity) limits liability instead of creating a cause of action). If a court is merely limiting an existing party's liability to its proportional fault and not entering a judgment against a dismissed party, then a lack of personal jurisdiction shouldn't be an issue. This is implied in several cases out of Kentucky. For example, the Kentucky Supreme Court allowed an apportionment instruction to include an unknown motorcyclist, rejecting the position (offered in dissent) that a lack of personal jurisdiction barred apportionment. *Ky. Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 804 (Ky. 2005); *id. at* 806 (Scott, J. dissenting). A court in this district noted that apportionment could be used against a party dismissed on jurisdictional as opposed to merits grounds; unlike jurisdiction, a dismissal on the merits would've meant the party was not liable. *Sadler v. Advanced Bionics*, No. 3:11-cv-450, 2013 WL 1636374, at *1 (W.D. Ky. Apr. 16, 2013).

Several courts in other jurisdictions have reached the same conclusion, implying there is no federal Due Process concern with apportioning fault against a party dismissed for lack of jurisdiction. Kansas courts, for instance, apportion fault "even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault." *Brown v. Keill*, 580 P.2d 867, 876 (Kan. 1978). Similarly, New Hampshire, Idaho, and Mississippi have read the term "party" in statutes similar to KRS § 411.182 to include parties that cannot be joined to the suit or held liable, including immune parties. *See DeBenedetto v. CLD Consulting Eng'rs.*, 903 A.2d 969, 978 (N.H. 2006); *Van Brunt v. Stoddard*, 39 P.3d 621, 627 (Idaho 2001); *Mack Trucks v. Tackett*, 841 So.2d 1107, 1113 (Miss. 2003). If fault can be apportioned to absent parties in order to determine the relative fault of existing parties, then the reason for a party's absence appears irrelevant. Certainly none of the caselaw before the Court suggests otherwise. Although this Court may not hold Fras-Le liable for its relative fault, it may *limit Brake Supply's liability* by asking a jury to ascertain Fras-Le's relative fault (if any).

So if Brake Supply presents sufficient evidence that a reasonable jury could find Fras-Le at fault for some of the relevant conduct, then the Court must allow an instruction on apportionment. *Ryan*, 177 S.W.3d at 804; KRS § 411.182. Whether the record ultimately justifies such a determination, however, is yet unclear. The Court therefore grants the Motion to Permit an Apportionment Instruction (DN 443) contingent on a sufficient evidentiary showing. At trial the parties may argue, and the Court will determine, whether to instruct the jury regarding Fras-Le's potential relative fault.

Benjamin Beaton, District Judge
United States District Court

July 11, 2022